UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br> Defendants. | No. 2:18-cv-00068-TLN-DB <br><br> **ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR EXPEDITED DISCOVERY** |

This case involves alleged trade secret misappropriation and breach of duties by former officers in Storz Management Company. Plaintiffs Storz Management Company and Storz Realty, Inc.'s (collectively "Plaintiffs") move *ex parte* for expedited discovery. (ECF No 16.) Plaintiffs served Defendants Andrew Carey and Mark Weiner (jointly "Defendants") on January 12, 2018. (ECF Nos. 5 & 6.) However, Defendants have yet to make an appearance or file an answer in the given matter.

Plaintiffs seek expedited discovery in support of their pending motion for preliminary injunction filed on January 30, 2018. (ECF No. 8.) Plaintiffs seek to conduct expedited discovery as follows: collect information regarding the identity and location of Storz property in Defendants' possession, Defendants' communications with Plaintiffs' customers and employees,

1

documents relating to Defendants' communications with mobile home parks, ledgers for Defendants' company, an accounting of the companies' property, cellphone records of Defendants in connection with their businesses, all records to support a full and complete investigation into Defendants' companies' activities, images of the computers used by Defendants and the company, identification of all persons whom Defendants have contacted regarding their company, personal tax returns for Defendants appropriately redacted, Company tax returns, and immediate depositions of Defendants and two former employees of Storz. (ECF No. 16-1 at 4–5.)

A party may not seek discovery from any source before the Rule 26(f) conference unless otherwise authorized by the rules, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). In determining whether to grant expedited discovery, courts in the Ninth Circuit apply the "good cause" standard and find good cause "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D 273, 276 (N.D. Cal. 2002). Courts consider the following factors when determining whether good cause justifies expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elec. Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (quoting *Am. Legal Net, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).

Good cause for expedited discovery has been found in cases involving claims of unfair competition or in cases where the plaintiff seeks a preliminary injunction. *Palermo v. Underground Solutions, Inc.*, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012). In cases where a preliminary injunction is pending, courts often permit expedited discovery designed to obtain information required for the preliminary injunction. *Id.* The discovery request must be narrowly tailored to obtain information relevant to a preliminary injunction determination. *Dimension Data N. Am. V. NetStar–1, Inc.*, 226 F.R.D. 528, 532 (E.D. N.C. 2005). Expedited discovery may be denied where the expedited discovery goes to the merits of the plaintiff's claim. *Am. Legal*

2

*Net, Inc.*, 673 F. Supp. 2d at 1069.

Plaintiffs assert good cause exists to permit expedited discovery. (ECF No. 16-1 at 6–7.) Plaintiffs contend the pending motion for preliminary injunction and the fact that the discovery is directed at issues raised in the preliminary injunction motion warrant granting expedited discovery. (ECF No. 16-1 at 6.) Plaintiffs further contend Defendants have already destroyed evidence by removing data from their Storz computers prior to leaving. (ECF No. 16-1 at 6.) Plaintiffs argue expedited discovery is crucial to prevent the further destruction of evidence and to provide more support for their pending motion for preliminary injunction. (ECF No. 16-1 at 6.)

Plaintiffs' application mostly asserts a need for discovery to support its pending motion for preliminary injunction. However, Plaintiffs motion for preliminary injunction belies that contention. Plaintiffs mention a need for expedited discovery in only one instance. (ECF No. 8-1 at 16.) Plaintiffs state that Defendants removed from their offices key missing files which support their cause of action under the Defend Trade Secrets Act. (ECF No. 8-1 at 16.) Plaintiffs then state in a footnote that expedited discovery including the deposition of Robert Domingo, the person allegedly enlisted to remove the information from Storz's offices after Defendants' termination, will provide crucial information relating to the key missing files. (ECF No. 8-1 at 16 n.6.) This single instance is contradicted by the continuous remarks throughout the *ex parte* application that "Defendants' destruction of evidence makes knowing more impossible." (*See, e.g.*, ECF No. 8-1 at 16.) Even if the Court were inclined to find a single instance of need sufficient to demonstrate good cause, the discovery sought is overly broad for this purpose. Plaintiffs seek accounting documents, tax documents, contact information, and computer pictures, which would not determine what missing files Defendants actually possess. (ECF No. 16-a at 4–5.)

Furthermore, Plaintiffs offer contradictions in their two moving papers. In their motion for preliminary injunction, Plaintiffs state "Storz has established [Defendants] are liable, that Storz has suffered indefinable losses as a result of these thefts and data destruction, and that Storz is likely to prevail on the merits of its CFAA claims, entitling it to full return of all removed files

3

and documents, and all of the expedited discovery it requests." (ECF No. 8-1 at 18.)  However, in their ex parte application, Plaintiffs assert expedited discovery is necessary to support their motion for preliminary injunction and prevent the destruction of evidence.  It is clear from Plaintiffs' statement in their motion for preliminary injunction that they do not believe the evidence is necessary to support their preliminary injunction.  Rather, Plaintiffs' statement suggests Plaintiffs feel they are entitled to expedited discovery because they have shown a likelihood of success on the merits of their Computer Fraud and Abuse claim.  This is not the standard.  Based on the above, the Court finds Plaintiffs' request goes to the merits of the complaint rather than in support of their motion for preliminary injunction and thus must be denied.

      For the reasons set forth above, the Court hereby DENIES Plaintiffs' ex parte application for expedited discovery.

      IT IS SO ORDERED.

Dated: 2/8/2018

Troy L. Nunley
United States District Judge