**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHRISTOPHER J. BAKES, SB# 99266
  E-Mail: Christopher.Bakes@lewisbrisbois.com
ANDREW D. BLUTH, SB# 232387
  E-Mail: Andrew.Bluth@lewisbrisbois.com
CAITLIN E. HIGGINS, SB # 298782
  E-Mail: Caitlin.Higgins@lewisbrisbois.com
ALEC M. RISHWAIN, SB #322302
  E-Mail: Alec.Rishwain@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Tel: 916.564.5400
Fax: 916.564.5444

DAVID M. FLORENCE, SB# 242857
  E-Mail: David.Florence@lewisbrisbois.com
701 B Street, Suite 1900
San Diego, California 92101
Tel: 619.233.1006
Fax: 619.233.8627

Attorneys for Plaintiffs STORZ MANAGEMENT COMPANY, a California corporation, and STORZ REALTY, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br> Defendants. | CASE NO. 2:18-cv-00068-TLN-DB <br><br> **NOTICE OF MOTION AND MOTION FOR DISCOVERY SANCTIONS FOR EVIDENCE SPOLIATION** <br><br> Date: March 15, 2019 <br> Time: 10:00 a.m. <br> Crtrm.: 27 <br><br> **The Hon. Deborah Barnes** <br><br> Trial Date: None Set |
| ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br> Counterclaimants, <br><br> vs. <br><br> STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br> Counterdefendants. | |

TO ALL PARTIES IN THE ABOVE-ENTITLED ACTION AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the notice requirements of Local Rule 251(e), on March 15, 2019 at 10:00 a.m., or soon thereafter as counsel may be heard, in the courtroom of the Honorable Deborah Barnes, located at 501 I Street, Sacramento, California 95814, Courtroom 27, Plaintiffs STORZ MANAGEMENT COMPANY and STORZ REALTY COMPANY, INC. (together, "Plaintiffs") will and hereby do move the Court to issue discovery sanctions against Defendants for their spoliation of evidence. Plaintiffs further move for an order that Defendants pay Plaintiffs' reasonable costs and attorneys' fees, which were incurred by Plaintiffs in connection with this motion and the spoliation of evidence underlying it.

Plaintiffs bring this Motion pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 37, and Local Rules 230(k), 302(c)(1), and 251(e), and base the Motion on the following grounds: (1) as of December 1, 2017, Defendants had a duty to preserve evidence, including trade secrets and electronically stored information ("ESI"), in their possession. Rather than preserve the ESI, Defendants breached their duties by accessing SMC-issued computers and servers, copying files, copying at least one hard drive, deleting files, and conducting a "factory reset" on at least one computer; (2) the ESI that Defendants discarded is relevant and material to the issues in this litigation—based on the limited information available from conducting forensic examinations of the SMC laptops, the ESI included SMC budgets, SMC employee salary information, client management fees, information on an undisclosed competing business Defendants were operating, and e-mail correspondence among and including Defendants, who were the CEO and CFO/COO of SMC prior to their terminations; and (3) because Defendants willfully spoiled the ESI, an unknown amount of ESI is lost forever, rendering Plaintiffs unduly prejudiced. As a result, an imposition of sanctions against Defendants plainly is appropriate.

Plaintiffs have satisfied the requirements, under this Court's inherent powers and also pursuant to Federal Rule of Civil Procedure 37(e), and this Court should find that Defendants have engaged in the willful spoliation of evidence, and should issue sanctions in the form of striking Defendants' answers and entering resulting default judgments as to Plaintiffs' causes of action for

(1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. 1836 *et seq.*, (2) the unauthorized and intentional access to a "protected computer" under the Computer Fraud and Abuse Act, (3) breach of fiduciary duty, and (4) breach of contract, and entering resulting defaults.  Further, as to the causes of action for (1) breach of the implied covenant of good faith and fair dealing, (2) intentional interference with contractual relationships, and (3) fraud, Plaintiffs seek an order deeming certain elements of these causes of action resolved conclusively in Plaintiffs' favor.  Finally, based on the presence of bad faith, Plaintiffs seek an order awarding monetary sanctions in the amount of $107,215.00 in attorneys' fees and $26,180.00 in costs reasonably incurred.

The Motion is supported by this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Christopher J. Bakes and attached exhibits, the accompanying Declaration of Jonathan Karchmer, the accompanying Declaration of Andrew D. Bluth, the accompany Declaration of David M. Florence, the accompanying Declaration of Pete Deterding, the pleadings and papers on file in this matter, and such arguments and authorities as may be presented to the Court at or before the hearing on this Motion.

DATED: February 22, 2019            LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Christopher J. Bakes*
Christopher J. Bakes
Attorneys for Plaintiffs STORZ MANAGEMENT COMPANY, a California corporation, and STORZ REALTY, INC.