UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW CAREY, an individual, and MARK WEINER, an individual,<br><br>Defendants. | No. 2:18-cv-0068 TLN DB<br><br>ORDER |

On February 25, 2019, plaintiffs filed a motion for sanctions. (ECF No. 54.) The motion is noticed for hearing before the undersigned on March 29, 2019, pursuant to Local Rule 302(c)(1). (ECF No. 62.) Plaintiffs have also filed a motion seeking permission to file documents under seal in connection with the motion for sanctions. (ECF No. 63.) Defendants have filed an opposition, (ECF No. 64), and plaintiffs a reply. (ECF No. 65.)

Review of plaintiffs' motion, however, reveals that plaintiffs failed to comply with the meet and confer requirements set out by the Local Rules and the undersigned's Standard Information. In this regard, Local Rule 251(b) provides that a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]" "Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the

hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.) Moreover, pursuant to the undersigned's Standard Information, "[w]ritten correspondence between the parties . . . is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)." See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. And parties must meet and confer in person—distance permitting—prior to the filing of a discovery motion. Id.

Here, according to plaintiffs' motion and the documents filed in support, it appears that the parties most recent meet and confer session occurred on November 19, 2018. (ECF No. 55 at 8; ECF No. 58 at 2.) On December 14, 2018, defendants provided supplemental discovery responses. (ECF No. 55 at 8, 15.) On January 17, 2019, plaintiffs sent a letter informing defendants that plaintiffs were "left with no choice but to present a sanctions motions[.]" (ECF No. 56-25.) Plaintiffs filed the motion for sanctions on February 25, 2019, apparently without any further in person or telephonic meet and confer. (ECF No. 54.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' February 25, 2019, motion for sanctions (ECF No. 54), as amended on March 4, 2019, (ECF No. 62) is denied without prejudice to renewal;

2. Plaintiffs' March 12, 2019 request to seal (ECF No. 63) is denied without prejudice;

3. The March 29, 2019 hearing of plaintiffs' motion is vacated;

4. If plaintiffs elect to bring a renewed motion for sanctions, plaintiffs shall do so after complying with the Local Rules and the undersigned's Standard Information, specifically with respect to meet and confer obligations; and

////
////
////
////
////
////
////

5. If plaintiffs elect to bring a renewed motion for sanctions, plaintiffs' motion shall be limited to 15 pages, defendants' opposition shall be limited to 15 pages, and plaintiffs' reply brief shall be limited to 10 pages.[1]

Dated: March 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] Only exhibits and declarations are excluded from counting towards these page limitations. Pages such as the title page, table of contents, or signature page will be counted towards the briefing page limitations. Moreover, although exhibits and declarations are excluded from these limitations, the parties should consider the necessity and practicality of filing over 2,000 pages of declarations and exhibits as they have done so here, prior to any future filing. Plaintiffs' declaration of Christopher J. Bakes and supporting exhibits alone consist of more than 1,900 pages. (ECF No. 56.)