UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br> Defendants. | No. 2:18-cv-0068 TLN DB <br><br> ORDER |

Pursuant to Local Rule 302(c)(1), this matter came before the undersigned on June 21, 2019, for hearing of non-parties' motions to quash (ECF Nos. 74-77), and plaintiffs' motion for sanctions. (ECF No. 78.) Attorneys Andrew Bluth and Christopher Bakes appeared on behalf of the plaintiffs. Attorneys Charles Post and Alex Kachmar appeared on behalf of the defendants.

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and below, the motions will be denied.

**BACKGROUND**

Plaintiffs commenced this action on January 11, 2018, by filing a complaint and paying the required filing fee. (ECF Nos. 1 & 2.) On January 30, 2018, plaintiffs filed an amended complaint. (ECF No. 7.) In relevant part, the amended complaint alleges that plaintiff Storz

1

Management Company, ("Storz Management"), provides RV Park and Mobile Home Park management services. (Am. Compl. (ECF No. 7) at 5.[1]) Defendants Andrew Carey and Mark Weiner were, respectively, Storz Management's Chief Executive Officer and Chief Financial Officer/Chief Operating Officer. (Id. at 2.) Defendants allegedly began misappropriating plaintiffs' trade secrets and soliciting plaintiffs' clients in 2016 to establish a competing business. (Id. at 5-9.) As a result, defendants' employment was terminated on December 1, 2017. (Id. at 10.)

Pursuant to these allegations, the amended complaint alleges causes of action for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with contractual relations, fraud, unfair competition, and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. (Id. at 13-20.)

On May 23, 2019, non-parties MHP Holding, LLC, Dudugian & Maxey, a Law Corporation, Diamond D. Construction, Inc., and Hunter and Renfro, LLP, filed the pending motions to quash defendants' subpoenas. (ECF Nos. 74-77.) A Joint Statement re: Discovery Disagreement was filed on June 14, 2019, with respect to these motions. (ECF No. 83.)

On June 3, 2019, plaintiffs filed the pending motion for sanctions along with a memorandum and declarations in support. (ECF Nos. 78-82.) Defendants filed a declaration and opposition to the motion for sanctions on June 14, 2019. (ECF Nos. 84-85.) Plaintiffs filed a reply on June 19, 2019, and a notice of errata on June 20, 2019. (ECF Nos. 86 & 87.)

**ANALYSIS**

**I.    Nonparties' Motions to Quash**

    **A.    Standards**

"Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena." In re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014). Rule 45 provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a

---

[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). In re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (quoting Fed. R. Civ. P. 45).

> An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."

Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) (quoting U.S. v. International Business Machines Corp., 83 F.R.D. 97, 104 (D.C. N.Y. 1979)). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998). Additionally, "[a] court may . . . impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." Legal Voice v. Stormans Inc., 738 F.3d 1178, 1185 (9th Cir. 2013).

"[T]he burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D. N.Y. 1996); see also Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("the party who moves to quash a subpoena has the 'burden of persuasion'").

### B. Non-parties' Arguments

The joint statement asserts the following three arguments in support of the motions to quash the subpoenas.[2] Those arguments fail to satisfy the applicable burden as articulated below. The motions to quash will, therefore be denied.

////

////

---

[2] Non-parties elected to "submit a single Joint Statement that encompasses all four subpoenas[.]" (JS (ECF No. 83) at 2.) Defense counsel objected to the use of a single Joint Statement. (Id. at 13.) There appears to have been a misunderstanding stemming from non-parties' ex parte informal communication with chambers concerning whether filing a single joint statement was permissible. It certainly was. But not over defendants' objection. Regardless, because the undersigned finds non-parties' arguments unpersuasive, the undersigned need not remedy this error.

3

1. **Improper Purpose/Should Have Been Obtained From A Party**

Non-parties argue that defendants "are fully aware that the Trustees used their work email addresses for their Storz-related communications" and, therefore, "all requests could have and should have been issued to either Plaintiff." (JS (ECF No. 83) at 9.) In this regard, non-parties contend that "[t]here is no legitimate reason to require the Trustee's Businesses to separately produce duplicative documents, the production of which would require counsel to sort through the thousands of pages of documents already produced[.]" (Id. at 10.)

In support of this argument, non-parties note that courts often prohibit a party from obtaining discovery from a non-party where the discovery is in the possession of, or can be readily obtained from, a party, citing Amini Innovation Corp. v. McFerran Home Furnishings, 300 F.R.D. 406 (C.D. Cal. 2014).[3] (JS (ECF No. 83) at 10.) Amini, however, concerned an attempt to depose actress Jane Seymour, a non-party in a trade dress infringement action, where Seymour lacked "personal knowledge about every topic listed in the subpoena," and was possibly overseas at the time. 300 F.R.D. at 408-13. The court in Amini found that the value of Seymour's testimony was "low or at best unknown" while requiring Seymour to appear for a deposition "would be an undue burden." (Id. at 411.)

Here, non-parties' argument is devoid of any specificity or evidentiary support by way of a declaration from a non-party from which the court could determine the value of the evidence or the burden on the non-parties. Instead, the court is presented with the bare assertion that production would require review of "thousands of pages of documents[.]" (JS (ECF No. 83) at 10.) Accordingly, this argument is unpersuasive.

2. **Hunter & Renfro Accounting**

"A portion of the documents requested in the four subpoenas at issue pertain to Hunter & Renfro's services to Stroz[.]" Id. at 11. Non-parties argue that "the use of Hunter & Renfro accountings, billings, and audits should be prohibited in this matter, unless Weintraub withdraws

---

[3] Non-parties also cite to City of Colton v. American Promotional, Inc.- West, No. CV 05-1479 JFW (SSx), 2006 WL 8436702 (C.D. Cal. Feb. 6, 2006). That order, however, addressed ruling on a motion to compel, not a motion to quash. Id. at *1.

4

as defense counsel," because "Weintraub mediated" a Storz probate matter, "with its jurisdiction still 'continuing' by state court order." (Id.)

Non-parties' brief argument is devoid of any citation to legal authority. Moreover, if the non-parties or plaintiffs believe defense counsel has a conflict, that is a matter for the assigned District Judge—not the undersigned on a discovery motion.

### 3. Scope is Unduly Burdensome and Harassing

Non-parties assert that "[w]hile the subpoenas are largely duplicative of the requests for production, they are also burdensome and harassing in that they have an extensive scope." (Id. at 12.) According to non-parties:

> For example, some of the requests seek all documents that mention, concern, or relate to: (1) Defendant's employment at Storz, (2) Defendants' termination from Storz, (3) any board meeting from September 1, 2012 to the present, (4) the Loomis mobile home park transaction, (5) Shady Brook mobile home park, (6) Pueblo Del Sol mobile home park, (7) the Monolith circular, and (8) various budgets, financial plans, profit and loss statements, and documents relating to Storz' customers.

(Id. at 12.)

While it may be obvious to the non-parties why these categories are burdensome and harassing, there is nothing obviously burdensome or harassing from the above quote. And non-parties' mere 15 lines of vague and conclusory argument, some of which is quoted above, fails to provide any basis from which the court could find that the subpoenas are burdensome or harassing.

## II. Plaintiffs' Motion for Sanctions

Plaintiffs' motion seeks terminating, evidentiary, and/or monetary sanctions based on defendants' alleged spoliation of evidence. "There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'"[4] Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (quoting Fjelstad v.

---
[4] Terminating sanctions are also available under Federal Rule of Civil Procedure 37(e) when

5

Am. Honda Motor Co., 762 F.2d 1334, 1337-38 (9th Cir. 1985)). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion.")

"Before imposing the 'harsh sanction' of dismissal . . . the district court should consider the following factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Leon, 464 F.3d at 958 (quoting Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995)). "'[T]he most critical factor is not merely delay or docket management concerns, but truth,' and thus the most critical issue for the court to determine is 'whether the discovery violations threaten to interfere with the rightful decision of the case.'" OmniGen Research, 321 F.R.D. at 371 (quoting Connecticut General Life Ins. Co., 482 F.3d at 1096). "While the district court need not make explicit findings regarding each of these factors . . . a finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper." Leon, 464 F.3d at 958.

"To determine whether spoliation occurred, the majority of courts use some variation of a three-part test: '(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" Rockman Company (USA), Inc. v. Nong Shim Company, Ltd, 229 F.Supp.3d 1109, 1121-22 (N.D. Cal. 2017) (quoting Apple Inc. v. Samsung Elecs. Co., 888 F.Supp.2d 976, 989 (N.D. Cal. 2012)). When spoliation has occurred

---

"electronically stored information that should have been preserved . . . is lost" and "cannot be restored or replaced through additional discovery[.]" However, the moving party must show that the party who lost the information "acted with the intent to deprive another party of the information's use in the litigation." OmniGen Research v. Yongqiang Wang, 321 F.R.D. 367, 371 (D. Or. 2017).

courts often consider the following factors to determine what, if any, sanction to impose: "'(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party.'" Apple Inc., 888 F.Supp.2d at 992 (quoting Nursing Home Pension Fund v. Oracle Corp., 254 F.R.D. 559, 563 (N.D. Cal. 2008)).

Here, plaintiffs assert that after defendants' termination—and with the prospect of pending litigation—defendants engaged in the "destruction of evidence . . . spread over at least three different devices: a Storz-owned Lenovo laptop . . . and two USB drives[.]"[5] (Pls.' Mot. Sanct. (ECF No. 79) at 2.) Defendants used the USBs "to copy Storz data into their current . . . computers and thereafter 'lost' them." As discussed at the June 21, 2019 hearing, however, defendants have put forth an explanation for their actions that the undersigned finds, at least, as equally plausible as plaintiffs' characterization. (Defs.' Opp.'n (ECF No. 85) at 6-10.) Notwithstanding the competing characterization of defendants' conduct as it relates to willfulness, or lack thereof, plaintiffs' motion for sanctions suffers from two additional fatal defects.

First, aside from vague and conclusory assertions, plaintiffs' motion fails to establish that any evidence relevant to a claim or defense was in fact lost. Plaintiffs contend that, although "it is impossible to know what Defendants originally copied" to the lost USBs, "Plaintiffs' experts designed a forensic plan to examine what might have been copied from the USBs." (Pls.' Mot. Sanct. (ECF No. 79) at 3.) This examination would "look for forensic evidence of any data once held on the USBs." (Id.) As explained by plaintiffs' expert, this examination would serve "as a preliminary step to gathering the additional information that still exists." (Karchmer Decl. (ECF No. 81) at 2.) Plaintiffs, however, have not conducted such an examination, blaming defendants' failure to cooperate. (Pls.' Mot. Sanct. (ECF No. 79) at 5.)

Moreover, defendant Weiner's data transfer was accomplished via "a Western hard drive" that was turned over to defense counsel. (Defs.' Opp.'n (ECF No. 85) at 12.) Defense counsel

---

[5] "As a general matter, there is no question that the duty to preserve relevant evidence may arise even before litigation is formally commenced." Apple Inc., 888 F.Supp.2d at 990.

7

notified plaintiffs' counsel but that hard drive has yet to be examined by an expert. (Id.) At the June 21, 2019 hearing, defense counsel expressed a willingness to have such expert examination conducted by a neutral examiner. Although the undersigned accepts as true plaintiffs' assertion that they "can never know the scope of what was deleted from the Lenovo, nor what was copied to the 'lost' USBs," something more is needed beyond a vague reference to the unknowable. (Pls.' Mot. Sanct. (ECF No. 79) at 5.)

Second, beyond vague and conclusory assertions, plaintiffs are unable to articulate how defendants' actions impaired a claim or defense. See Leon, 464 F.3d at 959 ("The prejudice inquiry looks to whether the spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case."); see also Micron Technology, Inc. v. Rambus Inc., 645 F.3d 1311, 1328 (Fed. Cir. 2011) ("Prejudice to the opposing party requires a showing that the spoliation materially affects the substantial rights of the adverse party and is prejudicial to the presentation of his case.").

The undersigned is cognizant of the fact that "'the relevance of . . . destroyed documents cannot be clearly ascertained because the documents no longer exist[.]'" Leon, 464 F.3d at 959 (quoting Alexander v. Nat'l Farmers Org., 687 F.2d 1173, 1205 (8th Cir. 1982)) (alteration omitted). However, plaintiffs provide no information from which the undersigned could determine to what extent, or even if, the ability to reach a rightful decision has been impaired by defendants' actions. See Kopitar v. Nationwide Mut. Ins. Co., 266 F.R.D. 493, 499 (E.D. Cal. 2010) ("At this time there is not enough evidence detailing the prejudicial impact of Plaintiff's conduct on Defendant's case. These developments directly affect the prejudice inquiry and, without them, terminating sanctions cannot be decided.").

In short, plaintiffs have failed to articulate what could have been lost as a result of defendants' conduct and how the loss of such information could impair plaintiffs' action. At oral argument, and in their motion, plaintiffs rely on Leon and Anheuser-Busch. Review of those opinions, however, reveals why plaintiffs' motion fails to establish that sanctions are appropriate here.

////

In Leon, plaintiff Dr. Mauricio Leon, ("Leon"), alleged claims against his former employer for violation of anti-retaliation provisions of the False Claims Act, Title VII, the Americans with Disability Act, and Washington state law. 464 F.3d at 955. "The district court dismissed all of Leon's claims with prejudice after determining that Leon despoiled evidence by deleting 2,200 files from his IDX-issued laptop computer during the pendency of the litigation." Id. at 955.

In moving for terminating sanctions, the district court was presented with evidence that prior to returning his employer-owned laptop, Leon deleted "more than 2,200 files," and wrote and executed "a program to 'wipe' any deleted files from the unallocated space in the hard drive." (Id. at 956.) In affirming the district court's grant of terminating sanctions, the Ninth Circuit noted that Leon admitted that he intended to destroy information relevant to the litigation. (Id. at 959.) Moreover, the district court's discussion of prejudice "discussed types of 'personal' files that could have helped IDX with its case[.]" (Id. at 960.) And "the district court properly considered lesser sanctions prior to dismissing Leon's case" but found that "less drastic sanctions [were] not useful" given Leon's conduct. (Id.)

In Leon the district court was presented with evidence from which it could conclude that: (1) the plaintiff intentionally destroyed evidence; (2) the destroyed evidence was not only relevant but went to "the heart" of defendant's defense; (3) there was no way to recreate the lost evidence; and (4) a less drastic sanction was inappropriate. Id. at 959-61. Here, plaintiffs' argument and evidence fail to establish any of these factors.

Anheuser-Busch is also distinguishable as it involved the "concealment of the documents for three years, . . . continuous denials under oath . . . repeated violations of the court's Publicity Order, and . . . violations of the court's in limine rulings" such that the court could conclude that "any sanction less than dismissal would be ineffective." 69 F.3d at 352. No such conduct is at issue in this action.

Here, even under plaintiffs' characterization of the events, plaintiffs have failed to show that defendants' conduct approached that of the conduct found in Leon or Anheuser-Busch. Nor have plaintiffs provided the court with information from which the court could determine what, if

any, evidence relevant to a claim or defense was lost and, if such evidence was lost, what would be the appropriate sanction.

**CONCLUSION**

For the reasons stated above, and at the June 21, 2019 hearing, IT IS HEREBY ORDERED that:

1. MHP Holding, LLC's May 23, 2019 motion to quash (ECF No. 74) is denied and responsive documents shall be produced within twenty-one days;

2. Dudugian & Maxey, A Law Corporation's May 23, 2019 motion to quash (ECF No. 75) is denied and responsive documents shall be produced within twenty-one days;

3. Diamond D. Construction, Inc.'s May 23, 2019 motion to quash (ECF No. 76) is denied and responsive documents shall be produced within twenty-one days;

4. Hunter and Renfro, LLP's May 23, 2019 motion to quash (ECF No. 77) is denied and responsive documents shall be produced within twenty-one days; and

5. Plaintiffs' June 3, 2019 motion for terminating sanctions (ECF No. 78) is denied.[6]

Dated: June 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\storz0068.oah.062119

---

[6] At the end of the June 21, 2019 hearing, plaintiffs' counsel made a request for an order regarding production of separate electronic discovery. Any such request for an order compelling production must be made after compliance with the Local Rules and the undersigned's Standard Information, in a properly noticed and briefed motion to compel.