1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STORZ MANAGEMENT COMPANY, a           No. 2:18-cv-0068 TLN DB
      California Corporation, and STORZ
12    REALTY, INC.,

13                    Plaintiffs,           ORDER

14            v.

15    ANDREW CAREY, an individual, and
      MARK WEINER, an individual,
16

17                    Defendants.

18

19          This action came before the undersigned on February 14, 2020, for hearing of defendants'

20    motion to compel. (ECF No. 116.) Attorney James Kachmar appeared on behalf of the

21    defendants. No appearance was made on behalf of the plaintiffs.

22          According to the parties' joint statement, at the December 18, 2018 deposition of

23    plaintiffs' PMK James Pierini, plaintiffs' attorney instructed Pierini not to answer several

24    questions based on the objection that the question called for a legal conclusion. (ECF No. 122 at

25    6-7.) "[A]ny time that a lawyer instructs a deponent not to answer a question except as

26    authorized by Rules 30(d)(1) or 30(d)(3) the instruction is presumptively improper." Boyd v.

27    University of Maryland Medical System, 173 F.R.D. 143, 147 (D. Md. 1997). "Under the plain

28    language of Fed. R. Civ. P. 30(d)(1), counsel may instruct a deponent not to answer only when

                                                    1

necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to suspend a deposition in order to present a motion under Fed. R. Civ. P. 30(d)(3)." Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995); see also Redwood v. Dobson, 476 F.3d 462, 468 (7th Cir. 2007) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)."); Ralston Purina Co. v. McFarland, 550 F.2d 967, 973-74 (4th Cir. 1977) ("If plaintiff's counsel had any objection to the questions, under Rule 30(c) he should have placed it on the record and the evidence would have been taken subject to such objection. If counsel felt that the discovery procedures were being conducted in bad faith or abused in any manner, the appropriate action was to present the matter to the court by motion under Rule 30(d).").

In this regard, "[t]he remedy for oppressive, annoying and improper deposition questioning is not simply to instruct a witness not to answer. Rather, it requires suspending the deposition and filing a motion under Rule 30(d)(3). Simply put, there are very few circumstances in which an instruction not to answer a deposition question is appropriate." Brincko v. Rio Properties, Inc., 278 F.R.D. 576, 581 (D. Nev. 2011). Here, plaintiffs do not argue that they instructed the witness not to answer to preserve a privilege, enforce a limitation directed by the court, or to present a motion to the court.

Accordingly, upon consideration of the arguments on file, those made at the hearing, plaintiffs' counsel's failure to appear, and for the reasons set forth above and on the record at the February 14, 2020 hearing, IT IS HEREBY ORDERED that:

1. Defendants' December 31, 2019 motion to compel (ECF No. 116) is granted; and

2. Plaintiffs shall produce James Pierini for a continued deposition within twenty-eight days of the date of this order.

Dated: February 14, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\storz0068.oah.021420

2