UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br> Defendants. | No. 2:18-cv-00068-TLN-DB <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S RULING** |

This matter is before the Court on Plaintiffs Storz Management Company ("SMC") and Storz Realty, Inc.'s ("SRI") (collectively, "Plaintiffs") Motion for Reconsideration of the Magistrate Judge's Ruling denying Plaintiffs' motion for sanctions. (ECF No. 92.) Defendants Andrew Carey ("Carey") and Mark Weiner ("Weiner") (collectively "Defendants") filed an opposition. (ECF No. 96.) Plaintiffs filed a reply. (ECF No. 97.) For the reasons set forth below, Plaintiffs' Motion for Reconsideration is DENIED.

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that Defendants, who were SMC's Chief Executive Officer and Chief Financial Officer/Chief Operating Officer, secretly started a competing business while employed by SMC. (ECF No. 7 at 2.) Plaintiffs filed a First Amended Complaint ("FAC") on January 30, 2018, stating claims for: (1) violation of the Defend Trade Secrets Act; 2) breach of fiduciary duty; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) intentional interference with contractual relationship; (6) fraud; (7) violation of California's Unfair Competition Law and (8) violation of the Computer Fraud and Abuse Act. (*See id.*)

On June 3, 2019, Plaintiffs filed a motion for terminating, evidentiary, and/or monetary sanctions based on Defendants' alleged spoliation of evidence. (ECF No. 78.) Plaintiffs alleged, among other things, that Defendants copied files from SMC-issued computers and servers onto USB drives and then deleted the original files. (ECF No. 79 at 2.) Plaintiffs further alleged Defendants subsequently lost the USB drives they used to copy the information from the SMC computers. (*Id.*) According to Plaintiffs, Defendants' actions have irreversibly damaged Plaintiffs' ability to present their case. (*Id.* at 3.) The magistrate judge denied Plaintiffs' motion for sanctions on June 25, 2019. (ECF No. 90.) Plaintiffs filed the instant motion for reconsideration of the magistrate judge's ruling on July 10, 2019. (ECF No. 92.)

### II. STANDARD OF LAW

A party may seek reconsideration of a magistrate judge's ruling pursuant to Local Rule 303(c). *See also* Fed. R. Civ. P. 72(a). The request must specify "the ruling, or part thereof, objected to and the basis for that objection." L.R. 303(c). The district court reviews the magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). L.R. 303(f); *see also* Fed. R. Civ. P. 72(a). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Exxon Co. v. Sofec Inc.*, 54 F.3d 570, 576 (9th Cir. 1995), *aff'd*, 517 U.S. 830 (1996).

///

///

### III. ANALYSIS

Plaintiffs argue the Court should reverse the magistrate judge's denial of sanctions for three reasons. First, Plaintiffs argue that the magistrate judge applied an incorrect legal standard in concluding Plaintiffs failed to prove willful spoliation. (ECF No. 92 at 3.) Second, Plaintiffs argue the magistrate judge erred in concluding there was insufficient evidence that relevant evidence was "lost." (*Id.* at 7.) Third, Plaintiffs argue the magistrate judge erred in finding they had not shown prejudice. (*Id.* at 9.)

A district court may sanction a party who has despoiled evidence under two sources of authority: "the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). To determine whether spoliation occurred, courts generally consider a three-part test: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989–90 (N.D. Cal. 2012) (citing cases).

If spoliation is found, then courts determine whether and what type of sanctions to issue based on several factors: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Id.* at 992. While a court does not need to make explicit findings regarding each of the following factors in deciding whether to impose the "harsh sanction" of dismissal, it should consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958 (*quoting Anheuser-Busch, Inc. v. Natural Beverage Distributors* 69 F.3d 337, 348 (9th Cir. 1995)). Additionally, a finding of "willfulness, fault, or bad faith" is required for dismissal to be proper.

3

*Id.* "A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'" *Id.* at 959 (citation omitted) (emphasis in original).

The magistrate judge adequately articulated this legal standard. (ECF No. 90 at 5–7.) After weighing the evidence, the magistrate judge concluded there was insufficient evidence that Defendants' alleged destruction of evidence was willful. (*Id.* at 7.) More specifically, the magistrate judge found that Defendants put forth an "equally plausible explanation" for their actions that showed a lack of willfulness. (*Id.*) As will be discussed in more detail below, the Court has reviewed the parties' evidence and agrees with the magistrate judge.

In opposing Plaintiffs' motion for sanctions, Defendants filed declarations asserting that they took steps to protect personal information they stored on SMC-issued laptops. (ECF No. 85-2 at ¶¶ 58–60; ECF No. 85-3 at ¶¶ 9–10.) Defendants assert SMC had no policy preventing them from using their SMC laptops for personal purposes and they complied with past practices in removing their information from SMC computers upon their termination. (ECF No. 85-2 at ¶¶ 55–56; ECF No. 85-3 at ¶¶ 6–8.) Carey states that he believed all SMC-related information would be stored on SMC's computer network such that a factory reset would not cause any harm to SMC. (ECF No. 85-2 at ¶ 59.) He also states that he had no reason to believe SMC would be suing him. (*Id.* at ¶ 60.) Weiner states that within days of his firing, he purchased a Western external hard drive and backed up the data stored locally on his SMC laptop. (ECF No. 85-3 at ¶ 9.) He also states that he turned the hard drive over to his counsel and has not had any access to it since that time. (*Id.*) These plausible explanations undermine Plaintiffs' argument that Defendants' actions constitute "uncontroverted" evidence of spoliation. (ECF No. 92 at 4.) As such, the magistrate judge did not err by finding that Plaintiffs failed to establish that Defendants acted with a level of culpability to justify sanctions, particularly the severe sanctions Plaintiffs seek. *See Leon*, 464 F.3d at 958.

Alternatively, the magistrate judge also stated that "aside from vague and conclusory assertions, [P]laintiffs' motion fails to establish that any evidence relevant to a claim or defense was in fact *lost*." (ECF No. 90 at 7 (emphasis added).) The magistrate judge emphasized that

4

1   Plaintiffs failed to execute a forensic plan to examine what might have been stolen, despite
2   asserting that they had designed a plan to do so.  (*Id.*)  The magistrate judge also emphasized that
3   Weiner's data transfer was accomplished via a Western hard drive that was turned over to defense
4   counsel, but the hard drive had yet to be examined as of the date of the magistrate judge's order.
5   (*Id.* at 7–8.)  Based on this evidence suggesting that at least some of the files may still exist on
6   other devices, it is unclear what files, if any, have been irretrievably lost.  Plaintiffs seem to argue
7   that even if all the transferred files still exist, the metadata information (including original file
8   names, file paths, and the dates associated with the files) was permanently lost.  (ECF No. 97 at
9   4.)  However, Plaintiffs fail to explain how the metadata goes to the "heart" of their claims.  *See*
10  *Leon*, 464 F.3d at 960.  Along those lines, the magistrate judge found that Plaintiffs "provide[d]
11  no information from which the undersigned could determine to what extent, or even if, the ability
12  to reach a rightful decision has been impaired by Defendants' actions."  (ECF No. 90 at 8.)
13  Without that information, the magistrate judge was unable to ascertain what sanctions might be
14  appropriate.  (*Id.* at 9–10.)  The Court agrees that there is insufficient evidence in the current
15  record to establish "the degree of prejudice suffered" by Plaintiffs and impose sanctions
16  accordingly.  *Apple Inc.*, 888 F. Supp. 2d at 992; *Leon*, 464 F.3d at 958.  Therefore, the magistrate
17  judge did not err in declining to impose any sanctions for Defendants' conduct.
18       It appears to this Court that Plaintiffs merely disagree with the magistrate judge's
19  findings.  That is not a proper basis for reconsideration.  *See Simmons v. Grissom*, No. 1:07-cv-
20  01058-LJO-SAB (PC), 2015 WL 6847885, at *2 (E.D. Cal. Nov. 9, 2015) (quoting *U.S. v.*
21  *Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. March 13, 2001)) ("[M]otions for
22  reconsideration are not available to dissatisfied litigants as a vehicle by which to require the same
23  judge or a different judge to rethink a decision, and a Plaintiff's disagreement with the Magistrate
24  Judge's does not provide a basis for reconsideration.").
25       Having carefully reviewed the relevant documents and for the reasons set forth above, the
26  Court is not left with "a definite and firm conviction that a mistake has been committed."  *Exxon*
27  *Co.*, 54 F.3d at 576.  Accordingly, the Court finds the magistrate judge did not err in denying
28  Plaintiffs' motion for sanctions.

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Reconsideration. (ECF No. 92.)

IT IS SO ORDERED.

Dated:  February 9, 2021

　　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　　United States District Judge