1
2
3
4
5
6
7

8               UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   STORZ MANAGEMENT COMPANY, a          No. 2:18-cv-00068-TLN-DB
     California Corporation, and STORZ
12   REALTY, INC.,

13              Plaintiffs,               **ORDER DENYING PLAINTIFFS'**
                                          **MOTION FOR PRELIMINARY**
14        v.                             **INJUNCTION**

15   ANDREW CAREY, an individual, and
     MARK WEINER, an individual,
16
                Defendants.
17

18

19        This matter is before the Court on Plaintiffs Storz Management Company ("SMC") and

20   Storz Realty, Inc.'s ("SRI") (collectively, "Plaintiffs") Motion for Preliminary Injunction.  (ECF

21   No. 8.)  Defendants Andrew Carey ("Carey") and Mark Weiner ("Weiner") (collectively,

22   "Defendants") filed an opposition.  (ECF No. 23.)  Plaintiffs filed a reply.  (ECF No. 25.)  For the

23   reasons set forth below, Plaintiffs' Motion for Preliminary Injunction is DENIED.

24   ///
25   ///
26   ///
27   ///
28   ///

                                            1

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

2  Plaintiffs allege that Defendants, who were SMC's Chief Executive Officer and Chief

3  Financial Officer/Chief Operating Officer, secretly started a competing business — called

4  "Monolith" — while employed by SMC.  (ECF No. 7 at 2.)  Plaintiffs filed a First Amended

5  Complaint ("FAC") on January 30, 2018, stating claims for: (1) violation of the Defend Trade

6  Secrets Act; (2) breach of fiduciary duty; (3) breach of contract; (4) breach of implied covenant of

7  good faith and fair dealing; (5) intentional interference with contractual relationship; (6) fraud; (7)

8  violation of California's Unfair Competition Law; and (8) violation of the Computer Fraud and

9  Abuse Act.  (*See id.*)  That same day, Plaintiffs filed the instant Motion for Preliminary

10  Injunction.  (ECF No. 8.)

11

## II.  STANDARD OF LAW

12  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

13  showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555

14  U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The

15  purpose of a preliminary injunction is merely to preserve the relative positions of the parties until

16  a trial on the merits can be held."  *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)

17  (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal.

18  App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final

19  determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt

20  Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to

21  any situation before the filing of a lawsuit, but instead to the last uncontested status which

22  preceded the pending controversy.") (internal quotation marks omitted).  In cases where the

23  movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of

24  scrutiny must apply.  *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005).

25  Preliminary injunction is not automatically denied simply because the movant seeks to alter the

26  status quo, but instead the movant must meet heightened scrutiny.  *Tom Doherty Associates, Inc.

27  v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

28  ///

2

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction.  *All. for the Wild Rockies v. Cottrell (Alliance)*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits...so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, a plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction.  *Id.* at 1134–35.

### III.   ANALYSIS

Plaintiffs argue they will suffer three types of irreparable harm in the absence of an injunction: (1) serious monetary harm; (2) loss of future business opportunities; and (3) reputational harm.  (ECF No. 8-1 at 23.)  In opposition, Defendants argue that Plaintiffs have not shown irreparable harm because they only complain of past conduct and alleged harm.  (ECF No. 23 at 20.)  The Court agrees with Defendants.

"Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation."  *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015).  Plaintiffs must "establish that remedies available at law, such as monetary damages, are inadequate to compensate" for the injury arising from Defendants' conduct.  *Herb Reed Enter., LLC v. Fla. Entm't Mgmt., Inc. (Herb Reed)*, 736 F.3d 1239, 1249–50 (9th Cir. 2013) (citation omitted).

In the instant case, Plaintiffs allege "Defendants have successfully poached 18 of Plaintiffs' fee managed clients, which represents over $452,000 in lost revenue annually."  (ECF No. 8-1 at 23.)  Yet Plaintiffs fail to explain why monetary damages would be inadequate to

1   remedy this alleged harm.  *See Herb Reed*, 736 F.3d at 1249–50.  Absent any argument or

2   evidence to the contrary, it appears Plaintiffs are capable of calculating and recovering monetary

3   damages "in the ordinary course of litigation."  *Idaho*, 794 F.3d at 1046.  Therefore, Plaintiffs'

4   alleged monetary harm is not a proper basis for granting an injunction.

5          Plaintiffs' other alleged harms are also insufficient to warrant an injunction.  Plaintiffs

6   summarily argue they "will continue to lose future business opportunities" and "are suffering

7   reputational harm as a result of Defendants' wrongful actions."  (ECF No. 8-1 at 23.)  These

8   conclusory statements are too speculative to establish irreparable injury.  *See Goldie's Bookstore,*

9   *Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) (concluding that in the

10  absence of factual support, the harm of losing goodwill and "untold" customers was too

11  speculative to constitute irreparable injury).  Plaintiffs vaguely mention Defendants prepared an

12  investment circular that contained false information about SMC — namely, that SMC was an

13  affiliate of Monolith and supported Monolith's operations.  (ECF No. 8-1 at 23–24.)  But it is

14  unclear how or even if such representations would cause damage to SMC's reputation.

15         Plaintiffs cite *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal.

16  2000), to argue "[h]arm resulting from lost profits and lost customer goodwill is irreparable

17  because it is neither easily calculable, nor easily compensable and is therefore an appropriate

18  basis for injunctive relief."  (ECF No. 8-1 at 22–23.)  However, *eBay* is not persuasive.  Like

19  several other cases cited by Plaintiffs, *eBay* predated *Winter* and applied a lesser standard, finding

20  among other things that the plaintiff had "at least established a *possibility* of irreparable harm"

21  based on loss of goodwill.  *eBay*, 100 F. Supp. 2d at 1066 (emphasis added).  Moreover, *eBay*

22  was factually distinct, the plaintiff provided considerable evidence of harm, and the defendant did

23  not "seriously contest" that lost customer goodwill constituted irreparable harm in that case.  *See*

24  *id.* at 1065–66.  Plaintiffs' reliance on *Pyro Spectaculars North, Inc. v. Souza*, 861 F. Supp. 2d

25  1079 (E.D. Cal. 2012), is similarly unpersuasive.  (ECF No. 25 at 8.)  In *Pyro*, the defendant

26  admitted to funneling information from his old employer to his new employer to formulate

27  proposals to the old employer's clients.  100 F. Supp 2d at 1092.  There has been no such

28  admission in this case, and Plaintiffs' factual allegations remain in dispute.

Plaintiffs cite various other cases for the general propositions that damage to goodwill, future business opportunities, or reputation may constitute irreparable harm.  (*See* ECF No. 8-1 at 22–24; *see also* ECF No. 25 at 8.)  But Plaintiffs have not fully developed their arguments or provided sufficient evidence "to demonstrate that irreparable injury is *likely* in the absence of an injunction" in this specific case.  *Winter*, 555 U.S. at 22 (emphasis in original).  Therefore, the Court need not and does not address Plaintiffs' arguments as to the other prongs of the *Winter* test.  *See Alliance*, 632 F.3d at 1132, 1135 ("[A] preliminary injunction requires a showing of likely irreparable injury.").

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Preliminary Injunction.  (ECF No. 8.)

IT IS SO ORDERED. DATED:  February 19, 2021

Troy L. Nunley
United States District Judge