UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br>Defendants. | No. 2:18-cv-00068-TLN-DB <br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

This matter is before the Court on Defendants Andrew Carey ("Carey") and Mark Weiner's ("Weiner") (collectively, "Defendants") Motion for Sanctions. (ECF No. 27.) Plaintiffs Storz Management Company ("SMC") and Storz Realty, Inc. ("SRI") (collectively, "Plaintiffs") filed an opposition. (ECF No. 32.) Defendants filed a reply. (ECF No. 36.) For the reasons set forth below, the Court DENIES Defendants' motion.

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that Defendants, who were SMC's Chief Executive Officer and Chief Financial Officer/Chief Operating Officer, secretly started a competing business — called "Monolith" — while employed by SMC. (ECF No. 7 at 2.) Plaintiffs filed the operative First Amended Complaint ("FAC") on January 30, 2018, stating claims for: (1) violation of the Defend Trade Secrets Act; (2) breach of fiduciary duty; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) intentional interference with contractual relationship; (6) fraud; (7) violation of California's Unfair Competition Law; and (8) violation of the Computer Fraud and Abuse Act. (*See id.*)

Defendants filed the instant Motion for Sanctions on March 5, 2018, requesting various sanctions under Federal Rule of Civil Procedure ("Rule") 11. (ECF No. 27.) Specifically, Defendants request the Court impose monetary sanctions in the amount of $17,995, deny Plaintiffs' motion for preliminary injunction (ECF No. 8),[1] and strike John Maxey's ("Maxey") declaration in support of that motion (ECF No. 12). (ECF No. 27 at 5.)

### II. STANDARD OF LAW

Rule 11 states in relevant part:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P 11(b)(3). A court may impose sanctions for factual misrepresentations that violate Rule 11(b). *See* Fed. R. Civ. P. 11(c). However, the Ninth Circuit has warned that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

///

---

[1] The Court denied Plaintiffs' motion for preliminary injunction by written order on February 19, 2021, finding Plaintiffs failed to establish irreparable injury. (*See* ECF No. 152.)

### III. ANALYSIS

The thrust of Defendants' argument is that Plaintiffs should be sanctioned for falsely claiming in several court documents that they were unaware of Monolith's existence — or Defendants' involvement with Monolith — leading up to Defendants' termination in December 2017. (ECF No. 27 at 4.) Defendants argue Plaintiffs were aware of Monolith's existence for more than a year before SMC used Monolith as a pretextual ground to terminate Defendants. (*Id.*) More specifically, Defendants argue that Maxey, one of SMC's directors, invested in a Monolith mobile home park project as early as November 2016 and signed documents to that effect. (*Id.*) Defendants further argue that Maxey received quarterly distributions from the investment, and SMC managed the mobile home park and received five percent of all gross revenue. (*Id.*) Defendants argue Plaintiffs' counsel was on notice of these facts one month before filing this action and failed to conduct a reasonable investigation. (*Id.*)

In opposition, Plaintiffs argue the statements at issue are not false. (ECF No. 32 at 4.) Plaintiffs argue SMC's Board did not have knowledge of Monolith — and certainly not the full scope of Defendants' involvement with Monolith or that they were using SMC's resources — until November 2017. (*Id.* at 14.) Plaintiffs argue Maxey has no recollection of signing any documents identifying Monolith and that the true investor in the Monolith project was his brother, William. (*Id.* at 16–17.) Plaintiffs submit declarations from John and William Maxey to support these assertions. (*See* ECF Nos. 32-3, 32-4.)

Rule 11 contemplates that factual contentions may require "a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). It remains unclear whether Plaintiffs knew the exact nature of Defendants' involvement with Monolith long before Defendants' termination, or what effect such knowledge might have on Plaintiffs' claims. Both sides have presented evidence to support their conflicting versions of events. Based on the limited evidence before the Court at this early stage, Defendants have not persuaded the Court that sanctions are warranted, especially not the sanctions Defendants request. The Court recently denied Plaintiffs' motion for preliminary injunction (ECF No. 152), and therefore Defendants' request that the Court deny the motion for preliminary injunction and strike Maxey's declaration

in support of that motion is moot. Defendants also argue they incurred unnecessary expenses responding to Plaintiffs' motion for preliminary injunction and seek monetary sanctions in the amount of $17,995. (ECF No. 27 at 5.) Even though the Court ultimately denied Plaintiffs' motion for preliminary injunction based on a lack of irreparable injury, the Court cannot say that Plaintiffs' motion was entirely devoid of factual support such that sanctions are warranted. To the contrary, Plaintiffs provided multiple sources of evidentiary support for their assertion that SMC's Board as a whole was unaware of Defendants' Monolith activities — or at least the true extent of those activities — until just prior to Defendants' termination. (*See, e.g.*, ECF Nos. 10, 11.) Further discovery may reveal additional facts that contradict Plaintiffs' claims, but the Court declines to impose the "extraordinary remedy" of Rule 11 sanctions based on what is essentially a factual dispute. *Operating Engineers*, 859 F.2d at 1345. The Court also declines to grant Plaintiffs' request for attorneys' fees at this time.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions (ECF No. 27) is hereby DENIED.

IT IS SO ORDERED.

DATED: February 28, 2021

Troy L. Nunley
United States District Judge