UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC.,

Plaintiffs,

v.

ANDREW CAREY, an individual, and MARK WEINER, an individual,

Defendants.

No. 2:18-cv-00068-TLN-DB

**ORDER**

This matter is before the Court on Plaintiffs Storz Management Company ("SMC") and Storz Realty, Inc.'s ("SRI") (collectively, "Plaintiffs") Motion for Leave to Amend. (ECF No. 143.) Defendants Mark Weiner ("Weiner") and Andrew Carey ("Carey") (collectively, "Defendants") filed an opposition. (ECF No. 146.) Plaintiffs filed a reply. (ECF No. 148.) Also before the Court is Defendants' Motion to Dismiss. (ECF No. 22.) Plaintiffs filed an opposition (ECF No. 29), and Defendants filed a reply (ECF No. 30). For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Amend (ECF No. 143) and DENIES Defendants' Motion to Dismiss (ECF No. 22) as moot.

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that Defendants, who were SMC's Chief Executive Officer and Chief Financial Officer/Chief Operating Officer, secretly started a competing business — called "Monolith" — while employed by SMC. (ECF No. 7 at 2.) Plaintiffs filed the operative First Amended Complaint ("FAC") on January 30, 2018, stating claims for: (1) violation of the Defend Trade Secrets Act; (2) Breach of Fiduciary Duty; (3) Breach of Contract; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Intentional Interference with Contractual Relations; (6) Fraud; (7) Unfair Competition; and (8) a violation of the Computer Fraud and Abuse Act. (*Id.* at 13–20.)

Defendants filed a Motion to Dismiss the FAC on February 14, 2018. (ECF No. 22.) While the Motion to Dismiss has been pending, the parties have engaged in extensive discovery disputes and motion practice, largely related to Defendants' alleged destruction of relevant evidence from Plaintiffs' computers leading up to and after their termination. (*See, e.g.*, ECF Nos. 27, 54, 92.) Plaintiffs filed a Motion for Leave to Amend the FAC to add new parties and claims on August 13, 2020. (ECF No. 143.)

## II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent, then good cause cannot be shown and the inquiry should end. *Id.*

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [the] plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. ANALYSIS

### A. Rule 16

Because the Pretrial Scheduling Order requires Plaintiffs to show good cause to amend at this stage, Plaintiffs must first meet Rule 16's good cause standard. (*See* ECF No. 4 at 2.)

Plaintiffs argue "Defendants aggressively concealed their misdeeds as they relate to the Storz-owned laptops, produced a document dump [of 170,000 pages of documents], scrambled what they produced, and failed to provide the necessary metadata along with their produced documents until over two years of litigation had occurred, making it impossible to determine who created documents, when, and how, until very recently." (ECF No. 143-1 at 10.) Plaintiffs argue Defendants' failure to produce metadata until March 2020 "had the result of dramatically slowing Plaintiffs' ability to review and process Defendants' evidence and analyze how that evidence might impact Plaintiffs' claims." (*Id.*) Plaintiffs emphasize "[d]espite these problems, Plaintiffs diligently reviewed the massive document productions, served written discovery, and served subpoenas on persons thought to be involved in Defendants' schemes." (*Id.* at 11.)

In opposition, Defendants argue "the production of additional metadata . . . in March 2020 was in addition to metadata that had been previously produced." (ECF No. 146 at 11.) Defendants further argue Plaintiffs "do not identify with any specificity as to what metadata that

was produced in March 2020 led [Plaintiffs] to 'discover' that there were new plaintiffs, new defendants and new claims," especially considering that Plaintiffs initially proposed an amended complaint with the same new parties and most of the same new claims in October 2019. (*Id.*) Defendants also argue Plaintiffs knew of these parties and potential claims as early as January/February 2018 because the briefing on Plaintiffs' motion for preliminary injunction during that time was "replete with numerous references" to the parties and claims. (*Id.* at 6.)

In reply, Plaintiffs reiterate that Defendants produced "170,000 disorganized PDF images without searchable metadata" and produced "virtually no metadata" until March 6, 2020, which coincided with the COVID-19 pandemic and related delays. (ECF No. 148 at 3, 8.) Plaintiffs argue "[w]ithout the metadata, it was virtually impossible to compare what Defendants produced versus the files and documents in [Plaintiffs'] computers and other drives." (*Id.* at 4.) Plaintiffs further stress "even with the metadata, searching for (1) which files and individual documents were stolen, (2) which belong where, (3) which may still be in use by Defendants, and (4) which remain unaccounted for (due to file destruction and losses of USB drives used in the thefts) remains a slow, costly process." (*Id.* at 3.) Plaintiffs argue they had "minimal information" about the proposed new parties and claims in 2018, but not enough information to draft viable claims at that time. (*Id.* at 4.) Plaintiffs also argue "despite its age on the calendar, this case is still very young procedurally" due to Court backlogs. (*Id.* at 8.) For all these reasons, Plaintiffs argue they were diligent in moving to amend the FAC.

The Court agrees with Plaintiffs. Several factors contributed to Plaintiffs' delay. While Defendants vaguely argue Plaintiffs had "some metadata" for the past two years (ECF No. 146 at 10), Defendants do not dispute Plaintiffs' specific accusations that Defendants produced 170,000 pages of documents without any searchable metadata until March 2020. Arguably, metadata is especially important in this case based on Defendants' allegedly unlawful computer activity and removal of files from Plaintiffs' computers. (*See, e.g.*, ECF No. 7 at 11, 19–20.) In any event, Plaintiffs' purported inability to meaningfully examine over 170,000 pages of documents due to Defendants' failure to provide metadata until March 2020 does not appear to constitute "carelessness" on Plaintiffs' part. *See Johnson*, 975 F.2d at 609. Even if Plaintiffs had *some*

knowledge about the potential new parties and claims prior to receiving the metadata, the Court cannot say that Plaintiffs lacked diligence by waiting to seek leave to amend until they were able to review the evidence thoroughly.

Further, the Court's backlog is another obstacle in this litigation. *See* Lawrence J. O'Neill, *An Important Letter to Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis*, United States District Court, Eastern District of California (Jun. 19, 2018). Both sides have engaged in extensive motion practice thus far, which has inevitably delayed litigation. Defendants' motion to dismiss the FAC has been pending since February 14, 2018. (*See* ECF No. 22.) If the Court had the resources to rule on Defendants' motion sooner, Plaintiffs likely would have had an opportunity to amend at a much earlier date. As it is, Plaintiffs are correct in arguing that this litigation is still at an early stage procedurally, and the mere fact that Plaintiffs filed the instant motion to amend over two years after filing the FAC does not necessarily indicate Plaintiffs were not diligent under these circumstances.

Lastly, Plaintiffs argue the COVID-19 pandemic slowed this litigation as "the parties and counsel adapted to the new realities of living in a pandemic." (ECF No. 143-1 at 3.) Although Plaintiffs do not develop the argument further, the Court is well aware of COVID-19's impact on society. It is reasonable to assume the pandemic caused some legitimate delays, especially considering that Plaintiffs received metadata at the outset of the pandemic in March 2020.

Based on the foregoing considerations, the Court finds Plaintiffs have sufficiently demonstrated they were diligent in moving to amend, and Defendants failed to convince the Court otherwise. *See Johnson*, 975 F.2d at 609. Therefore, Plaintiffs have satisfied Rule 16's good cause standard.

B. Rule 15

The Court now turns to whether Plaintiffs' motion is proper under Rule 15. Defendants argue Plaintiffs fail to satisfy all the Rule 15 factors. The Court will address each factor in turn.

*i. Bad Faith*

Defendants argue Plaintiffs are acting in bad faith by seeking to prolong the litigation and bringing claims that lack merit. (ECF No. 146 at 17.) Specifically, Defendants argue the

proposed Second Amended Complaint continues to assert a groundless trade secret claim. (*Id.*) "Bad faith means acting with intent to deceive, harass, mislead or disrupt." *Richard A. Leines v. Homeland Vinyl Products, Inc.*, No. 2:18-cv-00969-KJM-DB, 2020 WL 6044037, at *4 (E.D. Cal. Oct. 13, 2020) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)). Here, Defendants fail to persuade the Court that Plaintiffs are acting in bad faith. Plaintiffs seek leave to add four additional defendants, two additional plaintiffs, supplement the existing claims with recently discovered information, and add claims for aiding and abetting the commission of a tort, conversion, trademark infringement, false advertising, and copyright infringement. (*See* ECF No. 143-3 at 2.) Defendants focus solely on Plaintiffs' continued assertion of an existing trade secrets claim and fail to explain how any of Plaintiffs' desired *amendments* are brought in bad faith. Absent evidence of bad faith, this factor weighs in favor of granting leave to amend.

*ii. Undue Delay*

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). However, "undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). In the instant case, Defendants repeat the same arguments for undue delay under Rule 15 as set forth in their diligence argument under Rule 16. (*See* ECF No. 146 at 19.) For the same reasons already discussed at length, the Court finds Plaintiffs' delay was justified under the circumstances. As such, this factor weighs in favor of granting leave to amend.

*iii. Prejudice to Defendants*

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052. "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citation omitted). Courts have found proposed amendments to be prejudicial when leave to amend is requested as a relevant

discovery deadline nears or has already passed. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendants argue allowing Plaintiffs "leave to file the proposed second amended complaint after years of delay by them would essentially put this case back to square one and require discovery to basically start over." (ECF No. 146 at 20.) Defendants argue they have been "strategic in selecting depositions to this point and will not be able to . . . take the depositions necessary to address the new claims and the new parties within the 10-deposition limit afforded . . . under FRCP 30(a)(2)(A)(i)." (*Id.*)

The Court is not convinced that Defendants will be unfairly prejudiced by Plaintiffs' proposed amendments. Defendants' own arguments suggest they were on notice that Plaintiffs' would seek leave to add the new parties and most of the same new claims at least as early as October 2019 and could have planned accordingly. Further, discovery is still ongoing. Should Defendants require more than 10 depositions, they may seek leave of Court under Rule 30(a)(2). Accordingly, this factor weighs in favor of granting leave to amend.

*iv. Futility*

The Ninth Circuit has held that when an amendment is futile, "there is no need to prolong litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Defendants address futility in a single paragraph, wherein they vaguely argue Plaintiffs' trade secret claim is meritless and unlikely to survive "imminent summary judgment motions." (ECF No. 146 at 21.) Defendants cite evidence from various depositions that purportedly defeat Plaintiffs' trade secrets claim. (*Id.* at 17.) But the Court does not weigh the evidence at this early stage in the litigation. Rather, Plaintiffs' allegations are taken as true and given the benefit of all reasonable inferences. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *see also Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). It also bears mentioning that Defendants

only address the preexisting trade secrets claim and fail to argue that any of Plaintiffs' proposed *new* claims would be futile. Regardless, the Court cannot say Plaintiffs' trade secrets claim "could not possibly be cured by the allegation of other facts." *Watison*, 668 F.3d at 1117. Therefore, this factor weighs in favor of granting leave to amend.

*v. Prior Amendment*

Finally, Defendants argue amendment is improper because Plaintiffs already amended their complaint once before. (ECF No. 146 at 21.) The Court disagrees. Plaintiffs filed the FAC as a matter of course pursuant to Rule 15(a)(1)(A) shortly after serving the original complaint. Plaintiffs' single prior amendment does not outweigh the other Rule 15 factors that weigh in favor of granting leave to amend.

In sum, Plaintiffs have shown good cause to amend under Rule 16. Moreover, all the Rule 15 factors weigh in favor of granting leave to amend. Therefore, the Court GRANTS Plaintiffs' Motion to Amend, which renders Defendants' Motion to Dismiss the FAC moot.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (ECF No. 143) is hereby GRANTED and Defendants' Motion to Dismiss (ECF No. 22) is DENIED as moot. The Court ORDERS Plaintiffs to file their amended complaint not later than fourteen (14) days from the electronic filing of this Order. Defendants shall file a responsive pleading no later than twenty-one (21) days after the filing of Plaintiffs' amended complaint.

IT IS SO ORDERED.

DATED: March 4, 2021

Troy L. Nunley
United States District Judge