UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CAREY, an individual, and MARK WEINER, an individual,<br><br>Defendants. | No. 2:18-cv-00068-TLN-DB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY DEFENDANTS' COUNSEL** |

This matter is before the Court on Plaintiffs Storz Management Company ("SMC") and Storz Realty, Inc.'s ("SRI") (collectively, "Plaintiffs") Motion to Disqualify Defendants' Counsel, the law firm of Weintraub Tobin Chediak Coleman Grodin ("Weintraub"). (ECF No. 113.) Defendants Andrew Carey ("Carey") and Mark Weiner ("Weiner") (collectively, "Defendants") filed an opposition (ECF No. 118), and Plaintiffs filed a reply (ECF No. 120). Also before the Court is Defendants' Motion for Judgment on the Pleadings. (ECF No. 38.) Plaintiffs filed an opposition (ECF No. 39), and Defendants filed a reply (ECF No. 42).

For the reasons set forth below, Plaintiffs' Motion to Disqualify Defendants' Counsel (ECF No. 113) is DENIED and Defendants' Motion for Judgment on the Pleadings (ECF No. 38) is DENIED as moot.

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, Edward J. Corey ("Corey"), a Weintraub attorney, served as a court-appointed mediator in a dispute in probate court between the Storz Revocable Family Trust and Jeffrey Hunter ("Hunter") and his accounting firm, Hunter & Renfro. (ECF No. 113-1 at 5, 9.) The case settled around July 2012, with the superior court approving the settlement and ordering Corey to retain jurisdiction to mediate any disputes arising under the settlement agreement. (*Id.*)

In 2017, SMC terminated Defendants from their positions as Chief Executive Officer and Chief Financial Officer/Chief Operating Officer. (ECF No. 7 at 2, 10.) Plaintiffs sued Defendants in January 2018, alleging Defendants secretly started a competing business while employed by SMC. (*Id.*) Plaintiffs filed the operative First Amended Complaint on January 30, 2018, stating claims for: (1) violation of the Defend Trade Secrets Act; (2) breach of fiduciary duty; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) intentional interference with contractual relationship; (6) fraud; (7) violation of California's Unfair Competition Law; and (8) violation of the Computer Fraud and Abuse Act. (*See id.*)

Defendants retained Weintraub as counsel. (*See* ECF No. 21.) Defendants filed counterclaims on February 14, 2018 for: (1) wrongful termination; (2) breach of contract; (3) failure to pay earned wages; (4) failure to provide copies or inspection of personnel records; and (5) breach of contract. (*Id.* at 13–20.) In their answer to Defendants' counterclaims, Plaintiffs assert as an affirmative defense that Weintraub has a conflict of interest based on Corey's involvement with the prior mediation. (ECF No. 28 at 15.) On April 19, 2018, Defendants moved for judgment on the pleadings as to Plaintiffs' conflict of interest defense, arguing the purported conflict is not a proper affirmative defense and should have been raised in a motion to disqualify. (ECF No. 38 at 6.) Plaintiffs filed the instant motion to disqualify based on the same conflict of interest approximately 20 months later, on December 17, 2019. (ECF No. 113.)

II. **STANDARD OF LAW**

All attorneys practicing before this Court are required to "become familiar with and comply with the standards of professional conduct required of members of the State Bar of California." L.R. 180(e). The Ninth Circuit has confirmed that state law applies in determining

2

1   whether to disqualify counsel. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

2   "[T]he decision to disqualify counsel for conflict of interest is within the trial court's discretion."

3   *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1160 (N.D. Cal. 2006) (citing *Trone v. Smith*,

4   621 F.2d 994, 999 (9th Cir. 1980)).  The party seeking disqualification bears the burden of

5   establishing by a preponderance of the evidence the existence of a disqualifying prior

6   representation. *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 11-CV-01189-LHK, 2011 WL

7   4635176, at *3 (N.D. Cal. Oct. 5, 2011).

8         A trial court's decision on a motion for disqualification is reviewed for abuse of

9   discretion. *People ex rel. Dept. of Corp. v. SpeeDee Oil Change Systems, Inc. (SpeeDee Oil)*, 20

10  Cal. 4th 1135, 1143 (1999).  "The paramount concern must be to preserve public trust in the

11  scrupulous administration of justice and the integrity of the bar" and "[t]he important right to

12  counsel of one's choice must yield to ethical considerations that affect the fundamental principles

13  of our judicial process." *Id.* at 1145.  The decision to disqualify counsel for conflict of interest

14  requires the careful balancing of a number of factors including "a party's right to chosen counsel,

15  the interest in representing a client, the burden placed on a client to find new counsel, and the

16  possibility that 'tactical abuse underlies the disqualification motion.'" *Kelly v. Roker*, No. C 11-

17  05822 JSW, 2012 WL 851558 at *2 (Mar. 13, 2012) (citing *SpeeDee Oil,* 20 Cal. 4th at 1145).

18        "The disqualification of counsel is 'generally disfavored and should only be imposed

19  when absolutely necessary.'" *Koloff v. Metropolitan Life Ins. Co.*, No. 1:13-cv-02060-LJO-JLT,

20  2014 WL 2590209, at *3 (E.D. Cal. Jun. 10, 2014) (quoting *Concat LP v. Unilever, PLC*, 350 F.

21  Supp. 2d 796, 814 (N.D. Cal. 2004)).

22      **III.**    **ANALYSIS**

23        Plaintiffs request the Court disqualify Weintraub for two reasons.  First, Plaintiffs argue

24  Defendants are violating California Rule of Professional Conduct ("Rule") 1.12, which forbids a

25  lawyer from representing anyone in connection with a substantially related matter in which the

26  lawyer personally and substantially participated as a mediator "unless all parties to the proceeding

27  give informed written consent."  (*See* ECF No. 113-1 at 6.)  Second, Plaintiffs argue Weintraub

28  should be disqualified for being complicit in Defendants' theft of Plaintiffs' data.  (*See id.*)

In opposition, Defendants argue disqualification is not warranted because Rule 1.12 — which was adopted in 2018 — does not apply retroactively. (*See* ECF No. 118 at 12–15.) Defendants further argue even if Rule 1.12 is retroactive, its provisions would still not require the disqualification because Weintraub has not violated any court orders or ethical rules requiring the return of evidence. (*Id.* at 13.) Defendants also argue Plaintiffs waived any purported conflict because they "delayed for two years in seeking to disqualify [Weintraub] in this matter despite knowing all the pertinent facts since January 2018." (*Id.* at 11.)

As will be discussed below, the Court finds even if Rule 1.12 applies retroactively, Plaintiffs have not met their burden for disqualification because Defendants have shown unreasonable delay and prejudice. Even if there were no delay or prejudice, there is no conflict of interest because the matters at issue are not substantially related.[1]

      A.      <u>Timeliness</u>

            i.      *Delay*

A party "who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right." *River West, Inc. v. Nickel*, 188 Cal. App. 3d 1297, 1309 (1987). Therefore, "[w]here the party opposing the motion can demonstrate prima facie evidence of unreasonable delay in bringing the motion causing prejudice to the present client, disqualification should not be ordered." *Zador Corp. v. Kwan*, 31 Cal. App. 4th 1285, 1302 (1995) (citing *Western Continental Operating Co. v. Natural Gas Corp.*, 212 Cal. App. 3d 752, 763–764 (1989)). "The burden then shifts back to the party seeking disqualification to justify the delay."

---

[1] Plaintiffs' argument regarding Weintraub's complicity in Defendants' alleged theft of Plaintiffs' property is insufficient to support disqualification of Defendants' counsel. (ECF No. 113-1 at 21.) It is true that when a party wrongfully obtains documents outside the normal discovery process, a court may impose sanctions, including disqualification of counsel. *Lynn v. Gateway Unified Sch. Dist.*, No. 2:10-CV-00981-JAM-CMK, 2011 WL 6260362, at *5 (E.D. Cal. Dec. 15, 2011). However, this Court has repeatedly rejected Plaintiffs' efforts to impose sanctions based on Defendants' alleged theft of Plaintiffs' property. (*See* ECF Nos. 90, 151.) For the reasons already discussed at length in prior orders, the Court declines to disqualify defense counsel based on the same accusations.

4

*Id.* The party seeking disqualification should address: "(1) how long it has known of the potential conflict; (2) whether it has been represented by counsel since it has known of the potential conflict; (3) whether anyone prevented the moving party from making the motion earlier, and if so, under what circumstances; and (4) whether an earlier motion to disqualify would have been inappropriate or futile and why." *River West, Inc.*, 188 Cal. App. 3d at 1309.

In the instant case, Defendants have demonstrated Plaintiffs unreasonably delayed bringing the motion to disqualify. Plaintiffs assert that almost immediately upon filing the complaint, Plaintiffs' counsel "brought the conflict to Weintraub's attention." (ECF No. 113-1 at 10–11.) As such, Plaintiffs' counsel apparently knew about the potential conflict since the complaint was filed in January 2018. Plaintiffs referenced the conflict of interest again in their answer to Defendants' counterclaims on March 7, 2018, wherein Plaintiffs raised the conflict of interest as an affirmative defense.[2] (ECF No. 28 at 15.) Defendants challenged this specific defense in a subsequent motion for judgment on the pleadings, filed on April 19, 2018. (*See* ECF No. 38.) Plaintiffs filed an opposition to Defendants' motion on May 3, 2018, in which Plaintiffs asserted many of the same facts and arguments about the conflict of interest as they do in the instant motion to disqualify. (*See generally* ECF No. 39.) It is clear to the Court that Plaintiffs were aware of the conflict of interest as early as January 2018 and no later than May 2018. Yet Plaintiffs did not bring the motion to disqualify until December 17, 2019. (ECF No. 113.)

Plaintiffs' failure in bringing the disqualification motion, despite the issue being raised multiple times during the two years since the initial Complaint was filed, suggests unreasonable delay. *See, e.g.*, *Kelly*, 2012 WL 851558, at *5 (explaining that based on the extensive litigation between the parties, defendant's "failure to act on this issue, despite his knowledge of the purported conflict, for over five years amount[ed] to an unreasonable delay."); *see also Gentry v.*

---

[2]   As their sixteenth defense, Plaintiffs assert in relevant part: "[Defendants], through counsel, wrongfully possess confidential information offered in a duly convened mediation to the mediator . . . All information relating and/or traceable to the misuse of this confidential information, or the failure to implement an ethical and proper response, must be excluded from any consideration in this case, meaning that all assertions regarding Jeffrey Hunter and matters associated with 'accounting' cannot be relied on and must be stricken." (ECF No. 28 at 15.)

*State Farm Mut. Auto. Ins. Co.*, No. CIV. S-09-0671 LKK/GGH, 2009 WL 10693206, at *7 (E.D. Cal. Sept. 4, 2009) (finding a delay of twenty-two months before seeking disqualification to be unreasonable).

In an effort to justify the delay, Plaintiffs contend Weintraub prevented them from bringing the motion to disqualify by consistently repeating that the two matters were unrelated. (*See* ECF No. 113-1 at 10; ECF No. 120 at 4–5.) Plaintiffs maintain they did not move to disqualify sooner because there was no apparent conflict of interest until Defendants' discovery requests put the related matters at issue. (ECF No. 113-1 at 10; *see also* ECF No. 120 at 2.)

The Court is not persuaded that Plaintiffs' delay was justified. Plaintiffs — which are sophisticated entities that have been represented by counsel since the outset of this litigation — argue they "promptly" moved to disqualify "when Defendants' discovery tactics beginning in April 2019 made clear the significance of their counsel's firm's possession of confidential information obtained through the earlier mediation." (ECF No. 120 at 9.) However, as discussed, Plaintiffs own filings show that Plaintiffs were aware of the conflict of interest in early 2018. For example, Plaintiffs argued on May 3, 2018, that "irregular billings, resolved through Weintraub's Corey acting as a mediator in 2012 . . . have resurfaced in this litigation by the same Weintraub firm, now to support prosecution of Defendants' counterclaims that allege '2011 and 2012' accounting irregularities." (ECF No. 39 at 4.) Plaintiffs went on to argue that to the extent the counterclaims were based on confidential information from the mediation, "such information is clearly being used improperly." (*Id.* at 5.) Plaintiffs' acknowledgment of a potential conflict of interest does not justify a delay in bringing a motion to disqualify. *See Gentry*, 2009 WL 10693206 at *7 (finding defendant's filing of a status report indicating an intent to seek disqualification did not excuse subsequent delay in bringing a motion to disqualify).

Plaintiffs fail to explain how Defendants' 2019 discovery requests suddenly revealed that Weintraub improperly used confidential information. As it is, it appears Plaintiffs were aware Defendants were pursuing counterclaims related to the mediation well before they filed the motion to disqualify. To the extent Weintraub "repeatedly" told Plaintiffs there was no conflict, Plaintiffs fail to persuade the Court that Weintraub's representations prevented them from acting

6

on their suspicions and filing the motion to disqualify sooner.  Lastly, Plaintiffs do not allege facts which show that moving for disqualification would have been futile.  *See River West, Inc.*, 188 Cal. App. 3d at 1312.

Accordingly, the Court finds Plaintiffs unreasonably delayed in bringing the motion to disqualify and failed to justify such delay.

*ii.    Prejudice*

The nonmoving party must also show prejudice resulting from the delay.  *Gentry*, 2009 WL 10693206, at *7 (citing *River West*, 188 Cal. App. 3d at 1311).  "Th[e] prejudice must be more than merely the inability to proceed with the attorney the current client would have initially chosen."  *Id.*  In *River West*, the court found that "over 3,000 hours of litigation effort at a cost of $387,000 constitute[d] prejudice in more than time and dollars expended."  188 Cal. App. 3d at 1313.  Under these conditions, the court held the delay in making the disqualification motion was "so unreasonable and the resulting prejudice so great, that the law must assume an implied waiver of the right to disqualify."  *Id.*; *see also Employers Ins. of Wausau v. Albert D. Seeno Const. Co.*, 692 F. Supp. 1150, 1166 (N.D. Cal. 1988).

Similar to *River West*, the Court finds Defendants in the instant case would be prejudiced if the Court were to grant Plaintiffs' motion.  Since this action was filed, the parties have engaged in extensive, costly, and time-consuming motion practice and discovery disputes.  Defendants allege they have already "paid approximately $500,000 in legal fees" in connection with this lawsuit.  (*See* ECF No. 118 at 19; ECF No. 118-2 at ¶ 36.)  Based on the lengthy procedural history of this case, it is undeniable that "any new counsel would have to spend a great deal of time becoming familiar with the many claims and issues in dispute," which would seriously delay the handling of the present action.  *Employers Ins. of Wausau*, 692 F. Supp. at 1166.  For these reasons, it would be highly prejudicial to disqualify Weintraub at this stage, especially after Plaintiffs allowed such a considerable amount of litigation to proceed despite knowing of the potential conflict of interest at a much earlier time.

Accordingly, the Court concludes Plaintiffs impliedly waived any conflict that may exist based on Corey's role as mediator.

B.     Substantially Related Claims

"[D]isqualification of both the individual attorney and his or her firm is required where the attorney has been privy to confidences of a litigant while acting as a neutral mediator." *Cho v. Superior Court*, 39 Cal. App. 4th 113, 125 (1995). Courts utilize the "substantial relationship" test to determine whether disqualification is necessary when "two cases involve different parties and/or different incidents." *In re Cnty. of Los Angeles*, 223 F.3d at 994; *Khani v. Ford Motor Co.*, 215 Cal. App. 4th 916, 920 (2013). "A substantial relationship exists where 'the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation." *Khani*, 215 Cal. App. 4th at 920.

Plaintiffs have not convinced the Court that a substantial relationship exists between the two matters. The counterclaim filed by the Defendants for wrongful termination alleges that Plaintiffs terminated Defendants for criticizing Hunter's accounting practices. (ECF No. 118 at 2–3; ECF No. 118-2 at 4–5; ECF No. 118-3 at 6–7, 9–10.) While the accounting practices at issue in mediation may be somewhat relevant in the instant case, Plaintiffs have not shown that the two matters are "substantially related" such that Weintraub should be disqualified, especially considering that the matters do not include the same parties or claims. (ECF No. 120 at 5.) *Compare Cho*, 39 Cal. App. 4th at 125 (holding disqualification was warranted where defendant's firm employed a former judge who presided as a settlement judge in the same action), *with In re Cty. of Los Angeles*, 223 F.3d at 994 (denying disqualification when plaintiffs' firm hired a former judge who presided over police brutality settlement negotiations in a different case involving the same defendants).

Therefore, in addition to denying Plaintiffs' motion based on unreasonable delay, the Court further declines to disqualify Weintraub based on the conflict of interest related to the 2012 mediation because the mediated matter and instant litigation are not substantially related.

///

///

///

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Disqualify Defendants' Counsel.  (ECF No. 113.)  Because the Court has found there is no basis for disqualification, Defendants' Motion for Judgment on the Pleadings based on the same alleged conflict of interest is DENIED as moot.  (ECF No. 38.)

IT IS SO ORDERED.

DATED:  March 18, 2021

Troy L. Nunley
United States District Judge