UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br> Defendants. | No. 2:18-cv-0068 DJC DB <br><br> ORDER |

    This action came before the undersigned on March 17, 2023, for hearing of defendants' motion to quash or modify. (ECF No. 224.) Attorneys Christopher Bakes and Bryan Sugar appeared via Zoom on behalf of the plaintiffs. Attorney Alex Kachmar appeared on behalf of the defendants.

    At issue is plaintiffs' subpoena to Five Star Bank seeking defendants' banking records, including those associated with several identified loans. (ECF No. 222-2 at 94.) At the March 17, 2023 hearing the undersigned expressed an intention to adopt plaintiffs' revision to defendants' alternative request for relief, specifically that the documents at issue be produced to defense counsel. Defense counsel would, thereafter, be allowed to review the responsive documents to make confidentiality designations pursuant to the stipulated protective order

1

governing this action, and to redact for privacy or privilege, provided defendants produce a Rule 26 privilege log if applicable.

However, the undersigned expressed a concern that the subpoena, as currently phrased, contained no temporal limitation with respect to the documents requested. In response, plaintiffs' counsel offered to research the issue and propose a temporal limitation. Accordingly, on March 24, 2023, the undersigned issued an order directing the parties to meet and confer and file a supplemental Joint Statement not to exceed 6 pages addressing a possible temporal limitation.[1] (ECF No. 225.)

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

Here, the undersigned finds plaintiffs' requested discovery to be proportional and relevant to the needs of the case for the reasons articulated at the March 17, 2023 hearing, as well as in the

---

[1] The parties' filing exceeds the 6-page limitation. As the parties were previously advised, pages such as the title page and signature pages "will be counted towards the briefing page limitations." (ECF No. 71 at 3.) More disappointing is the substance of the briefing, much of which consists of irrelevant accusations of wrongdoing in the discovery process. These parties have already received "an admonition from the Court, issued by Judge Drozd . . . to upgrade their meet and confer efforts[.]" (ECF No. 222 at 10.) This filing does not reflect adherence to that admonishment. The parties are cautioned that "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).

parties' Joint Statement and supplemental Joint Statement.  See generally State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C., 375 F.Supp.2d 141, 156 (E.D. N.Y. 2005) (financial records "may be relevant to establishing that defendants profited from their" wrongful conduct).  Moreover, the undersigned finds plaintiffs' proposed temporal limitation of the subpoena to January 1, 2016, to the present to be fair and reasonable.  (ECF No. 228 at 7.)

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Quash or Modify Subpoena (ECF No. 193) is denied in part and granted in part;

2. Plaintiffs' subpoena is limited to documents from January 1, 2016 to the present;

3. Within fourteen days of the date of this order the documents at issue shall be produced to defense counsel;

4. Within fourteen days of defense counsel's receipt of the documents, defense counsel shall review the responsive documents, make any applicable confidentiality designations pursuant to the stipulated protective order governing this action, any relevant redactions for privacy or privilege, and produce the documents to plaintiffs, with a Rule 26 privilege log if applicable.

Dated:  May 8, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\storz0068.mtc.grnt.ord

3