UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ MANAGEMENT COMPANY, a California Corporation, and STORZ REALTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW CAREY, an individual, and MARK WEINER, an individual, <br><br> Defendants. | No. 2:18-cv-0068 DJC DB <br><br><br> ORDER |

  On April 17, 2023, defendants filed a motion for a protective order. (ECF No. 227.) On May 31, 2023, plaintiffs filed a motion to compel and a motion for sanctions. (ECF Nos. 231 & 232.) These motions are noticed for hearing before the undersigned on June 23, 2023, pursuant to Local Rule 302(c)(1). (ECF Nos. 233, 239 & 240.) In connection with those motions the parties have filed briefing that violates both the letter and the spirt of the Local Rules and the undersigned's Standard Information.[1]

  In this regard, the undersigned's Standard Information re discovery disputes found on to the court's web page at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-

---

[1] The parties' poor conduct with respect to discovery is, sadly, not new. (ECF No. 222 at 10; ECF No. 229 at 2.)

1

judges/united-states-magistrate-judge-deborah-barnes-db explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the Joint Statement. Here, on June 9, 2023, the parties filed a Joint Statement in connection with defendants' motion for a protective order. (ECF No. 234.) It does not appear from the Joint Statement that the parties met and conferred in person or via telephone after the motion was filed but prior to filing the Joint Statement. (Id. at 3-8.) And on June 9, 2023, and June 10, 2023, the parties filed documents styled "[Contested] Joint Statement" which are not signed by defense counsel. (ECF Nos. 237 & 242.) The Local Rules and the undersigned's Standard Information allow for no such thing.[2]

The undersigned's Standard Information also explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[3] Here, the parties have attempted to submit three joint statements for hearing on the same law and motion calendar. Allowing parties to present multiple joint statements on the same calendar would serve to render the page limitation meaningless. Going forward, the parties shall ensure that only one discovery dispute is calendared for hearing before the undersigned on an available law and motion date.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' April 17, 2023 motion for protective order (ECF No. 227) is denied without prejudice to renewal;

2. Plaintiffs' May 11, 2023 motion to compel (ECF No. 231), amended on June 9, 2023, (ECF No. 240), is denied without prejudice to renewal;

////

---

[2] Part of the parties' dispute, apparently, concerns defendants' assertion that plaintiffs filed only a "Notice of Motion" and not a "Motion." (ECF No. 237 at 2.) The parties are advised that, while Local Rule 251(a) provides that a discovery motion may be heard by filing a "notice of motion and motion," Local Rule 251(c) explains that "[a]ll arguments and briefing that would be included in a memorandum of points and authorities . . . shall be included in this Joint Statement, and no separate briefing shall be filed." In this regard, little more than a Notice of Motion is required to put a discovery dispute on calendar and all of the parties' written argument should be found in the Joint Statement.

[3] The parties are advised that title pages, tables of contents, tables of citations, etc., all count toward the twenty-five-page limit.

   3.  Plaintiffs' May 11, 2023 motion for sanctions (ECF No. 232), amended on June 9, 2023 (ECF No. 239) is denied without prejudice to renewal; and

   4.  The June 23, 2023 hearing of the parties' motions is vacated.

Dated:  June 20, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\storz0068.mtc.den.m&c.ord